LOWERY *et al. v.* WILLIAMS.*

(Division B.   Sept. 27, 1926.)

[109 So. 670.   No. 25323.]

1.  LOGS AND LOGGING. *Deed conveying merchantable timber of certain size, "standing and being upon certain land," does not include timber down on land.*

A deed conveying "all merchantable timber eighteen inches and up in diameter, measured at the stump, that is standing and being upon certain land," means timber standing at the time of the conveyance of such land, and does not include timber that is down upon the land.

2.  EVIDENCE. *Parol evidence was not admissible to explain deed conveying merchantable timber of certain size "standing and being upon certain land."*

Parol evidence is not admissible to explain what the parties understood the language above quoted meant at the time of the execution of the deed, the meaning of the language not being ambiguous.

*Corpus Juris-Cyc References: Evidence, 22CJ, p. 1263, n. 14; Logs and Logging, 38CJ, p. 159, n. 62; What timber included in conveyance to standing timber, see note in 55 L. R. A. 522; 17 R. C. L. 1095.

APPEAL from circuit court of Tunica county.

HON. W. A. ALCORN, JR. Judge.

Replevin by J. E. Williams against Dorsey Lowery and another, begun in the justice of the peace court. From a judgment for plaintiff, defendants appealed to the circuit court. From its judgment for plaintiff, defendants appeal. Affirmed.

*Dulaney & Jaquess,* for appellants.

The timber deed involved in this cause is set out in the court's opinion. We deem it necessary to consider the meaning of the term "merchantable timber" in order to arrive at a correct determination of this cause. See 2 Bouvier's Law Dictionary, Rowles Third Revision, p. 2196; *Butler & Barrow* v. *McPherson Bros.,* 49 So. 257. See, also. 19 Ann. Cas. 1051 and note.

The whole case of the appellee rests upon a determination of the meaning of the words "standing and being" as used in this contract. It is certain to our minds that if the contract described only such timber as was "standing" on the lands, that any timber which may have been lying in a fallen state would not have been conveyed. It is also certain that if the contract had only described the timber "being" upon the lands, that the contract would have conveyed all timber regardless of its state. The word "and" in this contract is a co-ordinate conjunction. It is not explanatory but signifies and expresses the relation of addition.

The word "standing" is a word of limitation and the word "being" is a word of general import and we submit that the correct construction of the three words as used in this contract is that when the two words "and being" were added to the word of limitation, that the contract was thereby enlarged to include all merchantable timber measuring eighteen inches and up in diameter which was upon the lands of the appellee on July 11, 1923.

The participle "standing" as used in this timber deed, includes some of the meaning of the participle "being;" and when the participle "being" was added thereto by the use of the co-ordinate conjunction "and," the only reasonable conclusion is that the grantor used these three words in the commonly accepted usage, thus: to convey by the deed all the timber which was "standing" "and" all timber which was "being" on the lands.

That the recitals of a deed are to be more strongly construed against the grantor is so well established in Mississippi that we deem it unnecessary to cite more than one authority on this point. *Soria* v. *Harrison County,* 50 So. 443. See, also, 8 R. C. L., sec. 104, p. 1051.

There is nothing therein which reserves to the grantor any timber which might be lying upon the land. The grantor in the contract fully warrants the title thereto under the terms and conditions of the contract and expressly provides that all timber not cut and removed from the land by December 1, 1924, shall revert to and become the property of the grantor.

*If the deed be deemed ambiguous, the court erred in excluding parol evidence which showed its meaning.* Unless the deed be construed as conveying the fallen timber, no effect is given the words "and being." On the other hand, learned counsel for appellee will doubtless argue that unless the deed be construed as conveying only standing timber, no effect is given the word "standing." If the court should be inclined towards this view, it follows that the deed is ambiguous and resort to parol testimony was proper, not to vary or add to the terms of the contract, but for the purpose of explaining its meaning. *Shapleigh* v. *Spiro,* 106 So. 209; 6 R. C. L. 839; 18 Ann. Cas. 257 and note.

*J. F. Dean,* for appellee.

Williams conveyed all the merchantable timber "standing and being" on the described land. Appellant proceeded under their contract to cut and haul from the said land all the merchantable timber both standing and already down. Appellee contended that he had reserved the "down" timber and that his contract with May Brothers was for standing timber only. To settle the controversy appellee sued in the justice court for the value of the "down" timber removed from said land by appellants. The justice of the peace found no ambiguity in

the language of the contract, held that the contract spoke for itself and meant standing timber only and gave judgment for the value of the "down" timber removed by appellants.

The circuit judge agreed with the justice of the peace that the contract was in writing, that it was not ambiguous, that it needed no explanations and could not be varied by parol; and gave a peremptory instruction to find for appellee.

"And" is a copulative conjunction, joining—or adding—co-ordinate words or phrases. Co-ordinate, of course, means of equal importance. The words "standing and being" then may be reversed and will mean just the same, either may precede the other without change of meaning. Now reverse the words and we have "being and standing." Now both must concur; the timber must not only *be* on the land but it must be *standing* on the land and this was what the court rightly found.

The court observed that the phrase "standing and being" was really a stereotyped phrase and meant standing timber, like the phrase, so frequently used in deeds, "lying and being" in a certain county, that the word "being" was really surplusage, that standing on the land necessarily meant being on the land, but being on the land did not necessarily mean standing on the land; and that the contract could and did mean but one thing and that was that it conveyed the standing timber only.

The court will find a full discussion of the meaning and construction of the word "and" in 2 C. J. 1337.

The judgment should be affirmed.

Argued orally by *C. A. Jaquess,* for appellants·

Etheridge, J., delivered the opinion of the court.

This suit originated in the justice of the peace court, and was an action of replevin for the possession of certain logs which had been removed by Lowery and Mottley

from the lands of J. E. Williams under a timber deed, the trial of which resulted in a judgment in favor of the appellee, Williams, which was appealed to the circuit court, and a judgment again rendered in favor of Williams, the appellee.

On July 11, 1923, Williams conveyed to May Bros., for a valuable consideration, all of the merchantable timber eighteen inches and up in diameter, measured at the stump, as standing and being upon the lands described in the deed. The appellants purchased the timber from May Bros. The language of the deed conveying the timber reads as follows:

"That first party, for and in consideration of the sum of one thousand seven hundred fifty ($1,750) dollars, cash in hand paid to him by second party, the receipt of which is hereby acknowledged, hereby sells and conveys to second party all of the merchantable timber eighteen inches and up in diameter, measured at the stump, that is standing and being upon certain land in Tunica county, Mississippi, described as follows, to-wit. . . ."

In another part of the deed it was recited:

"It is expressly agreed and made a part of the consideration for this instrument that time is made of the essence of this agreement, and that May Brothers, its successors and assigns, shall have and are only given until December 1, 1924, in which to cut and remove timber from the above described land. And that all the right, title, and interest of May Bros., its successors and assigns, in and to all timber not cut and removed from the above described land within the time limit, to-wit, December 1, 1924, shall *ipso facto* revert to and become the property of J. E. Williams."

It is the contention of the appellants that the words "standing and being upon certain lands" convey not only the standing timber, but timber that is down upon the lands, while it is the contention of the appellee that said deed only embraced timber that was standing at the time of the conveyance. The court below held that the words

"standing and being" embraced only standing timber, and rendered judgment accordingly.

We are of the opinion that the words used in the deed have the meaning given to them by the court below, and that parol evidence is not admissible to show the contrary meaning. Consequently the judgment of the court below is affirmed.

*Affirmed.*